IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *ex rel.* DONALD R. GALMINES, et al., Plaintiffs, | : : : : | CIVIL ACTION |
| v. | : : | |
| NOVARTIS PHARMACEUTICALS CORPORATION, Defendant. | : : : | NO. 06-3213 |

**M E M O R A N D U M**

PRATTER, J.                                                                                                   AUGUST 23, 2013

Qui tam Realtor Donald Galmines has sued Novartis Pharmaceuticals Corporation under the False Claims Act (FCA) based on allegations that Novartis's wrongful marketing of its prescription drug Elidel caused the submission of false claims to government healthcare systems. On June 13, 2013, after hearing oral argument and giving careful consideration to the briefing submitted by the parties, the Court granted in part and denied in part Novartis's motion to dismiss. Novartis now moves to certify a portion of the Court's June 13, 2013 order for interlocutory review pursuant to 28 U.S.C. § 1292(b). For the reasons that follow, the Court denies the motion.

I.    **Procedural History**

Mr. Galmines filed his complaint in this matter under seal on July 21, 2006. The case remained under seal for an extended period of time while the United States decided whether to intervene in the matter. The United States eventually declined to intervene, and the complaint was unsealed. On May 13, 2011, Novartis filed a 295-page motion to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 9(b). In its motion, Novartis argued that the Court should dismiss the complaint because, *inter alia*, the Court lacked subject-

1

matter jurisdiction under the "first-to-file" rule. Mr. Galmines filed a 235-page opposition to the motion, to which Novartis responded with a reply brief. After oral argument, the parties also submitted supplemental briefs to the Court.

On October 26, 2012, the Court dismissed Mr. Galmines's complaint without prejudice due to his failure to sufficiently allege that he voluntarily provided information to the government in a timely manner. Mr. Galmines then filed a first amended complaint, which presents allegations as to how he informed the United States Attorney and various state government officials of his claims prior to filing his initial complaint. The first amended complaint included counts under the FCA and the laws of California, the District of Columbia, Hawaii, Illinois, Indiana, Louisiana, Massachusetts, Michigan, Nevada, Tennessee, and Virginia.

After Mr. Galmines filed the first amended complaint, Novartis again moved for dismissal under Rules 12(b)(1), 12(b)(6), and 9(b) and repeated the arguments presented in its initial motion to dismiss. On January 14, 2013, Mr. Galmines responded to the second motion to dismiss. Two weeks later, Novartis filed a reply in support of its motion. On June 13, 2013, the Court granted in part and denied in part Novartis's motion to dismiss. In so doing, the Court held that the FCA's "first-to-file rule does not bar Mr. Galmines's claim that Novartis violated the FCA through its alleged off-label marketing." *See United States ex rel. Galmines v. Novartis Pharms. Corp.*, No. 06-3213, 2013 U.S. Dist. LEXIS 83100, at *28 (E.D. Pa. June 13, 2013). Novartis now seeks to obtain interlocutory review of this portion of the Court's decision.

## II. Discussion

Under 28 U.S.C. § 1292(b), a district court may certify an interlocutory order for immediate appeal if: (i) the order involves a controlling question of law; (ii) there are grounds for a substantial difference of opinion; and (iii) an immediate appeal could materially advance the

ultimate termination of the litigation. *See Zygmuntowicz v. Hospitality Invs., Inc.*, 828 F. Supp. 346, 353 (E.D. Pa. 1993); *see also Duffy v. Lawyers Title Ins. Co.*, No. 11-4503, 2012 U.S. Dist. LEXIS 91271, at *6 (E.D. Pa. July 2, 2012) (noting same). However, certification under § 1292(b) is not required. Instead, "permission to appeal is wholly within the discretion of the courts, even if the criteria are present." *See Bachowski v. Usery*, 545 F.2d 363, 368 (3d Cir. 1976); *see also Pitts v. Chester Cnty. Hosp.*, No. 99-2488, 2000 U.S. Dist. LEXIS 1724, at *3 (E.D. Pa. Feb. 24, 2000) ("The decision to certify an order for appeal under § 1292(b) lies within the sound discretion of the trial court[.]") (citations omitted).

Here, assuming *arguendo* that the Court *could* certify its June 13 order for an immediate appeal under the foregoing three-part test, the Court nonetheless declines to exercise its discretion to do so for two reasons. First, § 1292(b) "should be sparingly applied," *Duffy*, 2012 U.S. Dist. LEXIS 91271, at *6 (citations omitted), and a district court "should exercise its discretion [under § 1292(b)] mindful of the strong policy against piecemeal appeals," *see Pitts*, 2000 U.S. Dist. LEXIS 1724, at *3 (citations omitted). As the court stated in *Zygmuntowicz*, "[s]ection 1292(b) was not intended to open the floodgates to a vast number of interlocutory appeals," and "[c]ertification is the exception, not the rule." *See* 828 F. Supp. at 353; *see also Brown v. City of Phila.*, No. 09-5157, 2010 U.S. Dist. LEXIS 59650, at *15 (E.D. Pa. June 14, 2010) ("In exercising our discretion to certify an order for an appeal under § 1292(b), we must remain mindful of the strong policy against piecemeal appeals.").

Second, the Court believes that permitting an interlocutory appeal will merely serve to further delay the resolution of a case first filed quite some time ago. In deciding a motion brought under § 1292(b), "a critical factor [to consider] is whether an interlocutory appeal would cause excessive delay." *See In re Flat Glass Antitrust Litig.*, MDL No. 1942, 2013 U.S. Dist.

3

LEXIS 3699, at *18 (W.D. Pa. Jan. 10, 2013); *see also* 16 Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure § 3930 (3d ed. 2012) ("Other cases find that an interlocutory appeal would not only fail to advance ultimate termination of the litigation, but might contribute to delay. If the estimate is well made, it is of course good ground for refusing to certify or accept an appeal."). Here, the Court continues to find that its prior holding is well-supported by *United States ex rel. LaCorte v. Smithkline Beecham Clinical Laboratories, Inc.*, 149 F.3d 227 (3d Cir. 1998). Therefore, while it is possible that certifying an appeal could materially advance the termination of this litigation, the more likely outcome is that an appeal would simply defer the resolution of a case that, for a variety of reasons, dates back to 2006. Given the likelihood of such delay, the procedural history of this matter, and the strong federal policy against piecemeal appeals, the Court declines to certify its order for immediate appeal.

## III. Conclusion

For the foregoing reasons, the Court denies Novartis's motion to certify an order for an interlocutory appeal.

An Order consistent with this Memorandum follows.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
United States District Judge

4